STATE of Missouri, Respondent,

v.

Willie PHILLIPS, Appellant.

Willie PHILLIPS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 67589, 70158.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 4, 1997.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Lisa A. Fischer, Assistant Attorney General, Jefferson City, for Respondent.

Before CRAHAN, P.J., and GRIMM and HOFF, JJ.

*ORDER*

PER CURIAM.

Defendant, Willie Phillips, appeals the judgment entered upon his conviction by a

jury of voluntary manslaughter, § 565.023 RSMo 1986, and armed criminal action, § 571.015 RSMo 1986. The trial court sentenced Defendant as a prior, persistent and dangerous offender under § 558.016 RSMo Cum.Supp.1992, to thirty years imprisonment for voluntary manslaughter and a consecutive term of seventy-five years imprisonment for armed criminal action.

On appeal, Defendant asserts the trial court plainly erred in allowing the prosecuting attorney to comment on Defendant's failure to testify and post-arrest silence. We find the judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears.

Defendant also appeals the denial of his Rule 29.15 motion without an evidentiary hearing. In this regard, Defendant alleges the motion court erred in not finding Defendant's trial counsel ineffective for failing to object to the prosecuting attorney's references to Defendant's failure to testify at trial.

Our review of the motion court's ruling is limited to a determination of whether the motion court's findings, conclusions and judgment are clearly erroneous. Rule 29.15(k); *Moore v. State,* 827 S.W.2d 213, 215 (Mo. banc 1992). We find the trial court's findings of fact on Defendant's Rule 29.15 motion are not clearly erroneous.

Regarding these judgments, an extended opinion reciting the detailed facts and restating the principles of law would have no precedential or jurisprudential value. Judgments affirmed in accordance with Rule 30.25(b) and 84.16(b).